# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHARLES H.**, *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **DISTRICT OF COLUMBIA**, *et al.*, <br><br> **Defendants.** | **Civil Action No. 21-997 (CJN)** |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE THE CONTEMPT ORDER OR, IN THE ALTERNATIVE, FOR CLARIFICATION

### INTRODUCTION

Plaintiffs Charles H., Israel F., and Malik Z. purport to seek enforcement, or, alternatively, clarification of the Court's February 16, 2022 Order [101]. That order required, in relevant part, that defendants the District of Columbia (the District), District of Columbia Public Schools (DCPS), and the Office of the State Superintendent of Education (OSSE) (collectively, the District) submit "individualized plans on how to rectify the hours deficit of each student" in the Maya Angelou Public Charter School Academy (the Academy), formerly known as the Inspiring Youth Program (IYP), at the D.C. Jail, covering the period September 1, 2021, through January 31, 2022. The District did just that for the period covering September 1 through September 30, 2021, and will submit the remaining plans by April 14, 2022, as ordered. Plaintiffs have nevertheless filed what they style as a motion to enforce the Court's February 16, 2022 order, contending that the plans the District filed so far are not in fact "plans" because they lack numerous items of additional information that the Court never ordered the District to provide. In the alternative, plaintiffs purport to seek "clarification" from the Court that this compendium of additional information is in

fact what the District must provide going forward. The arguments they raise have no merit, as plaintiffs merely seek to relitigate matters already decided and to re-write the order the Court issued. The District, however, complied with that order. Plaintiffs' motion should be denied.

## BACKGROUND

On October 18, 2021, plaintiffs filed a motion for contempt related to this Court's preliminary injunction concerning the provision of specialized instruction and related services at the Academy. *See* Pls.' Mot. for Contempt [72]. In the proposed order accompanying that motion, plaintiffs sought numerous items of relief, including an order that the District submit detailed plans for recovering missed instruction. *See* Proposed Order on Contempt Mot. [72-7] at 3-4. This Court, however, granted plaintiffs' motion only in part, explaining that despite all the various items of relief plaintiffs were asking for, "the most appropriate relief" consisted of three things, only one of which plaintiffs now seek to enforce: "that by March 15, 2022, Defendants shall submit to this Court, under seal, individualized plans on how to rectify the hours deficit of each student enrolled in the Inspiring Youth Program for the period between September 1, 2021 and January 31, 2022." *See* February 16, 2022 Order [101] at 4. Although the Court declined to adopt the more detailed order plaintiffs had proposed, plaintiffs did not seek reconsideration or clarification of the Court's order.

The District subsequently moved for a partial extension of time to comply, seeking until April 14, 2022 to submit plans covering the period from October 1, 2021, to January 31, 2022, in order to give Maya Angelou Public Charter School (Maya Angelou PCS) sufficient time to formulate their plans while simultaneously providing instruction and related services to students currently enrolled in the Academy. *See* Defs.' Mot. for Extension of Time To Comply with Part

of Feb. 16, 2022 Order [104]. The Court granted that motion over plaintiffs' opposition. *See* March 9, 2022 Minute Order.

On March 15, 2022, the District submitted, as ordered, "individualized plans on how to rectify the hours deficit of each student enrolled in the Inspiring Youth Program" for the month of September 2021, during which time DCPS was the local education agency (LEA) providing IYP students with instruction and related services. *See* March 15, 2022 Notice of Compliance [109].[1] On March 23, 2022, plaintiffs filed a motion seeking enforcement of the Court's order, contending that the plans thus far submitted do not comport with that order. *See* Mem. in Support of Pls.' Mot. to Enforce or, in the Alternative, for Clarification (Pls.' Mem.) [111-1]. In the alternative, plaintiffs seek clarification on the meaning of the Court's February 16, 2022 order. *Id.*

## LEGAL STANDARD

### I. Motion to Enforce

The authority of district courts to enforce the terms of their mandates "is grounded in 'the interest of the judicial branch in seeing that an unambiguous mandate is not blatantly disregarded by parties to a court proceeding.'" *Anglers Conservation Network v. Ross*, 387 F. Supp. 3d 87, 93 (D.D.C. 2019) (quoting *Int'l Ladies' Garment Workers' Union v. Donovan*, 733 F.2d 920, 922 (D.C. Cir. 1984)). The party moving to enforce has the burden of showing that the defendant "has not complied with a judgment entered against it." *Yanofsky v. Dep't of Commerce*, Civil Action No. 16-951, 2019 WL 5110502, at *2 (D.D.C. Apr. 25, 2019) (Brown Jackson, J.) (quoting *Sierra Club v. McCarthy*, 61 F. Supp. 3d 35, 39 (D.D.C. 2014)). "If the plaintiff has received all relief required by that prior judgment, the motion to enforce is denied." *Heartland Hosp. v. Thompson*,

---

[1] As ordered, the District will provide the remaining plans on April 14, 2022, and will continue to provide the Court with updated information as it is available, including in the monthly status reports required under the preliminary injunction.

328 F. Supp. 2d 8, 11 (D.D.C. 2004). However, even if the defendant is found not to have complied with an order, "[s]uccess on a motion to enforce a judgment gets a plaintiff only 'the relief to which [the plaintiff] is entitled under [its] original action and the judgment entered therein.'" *Heartland Regional Med. Ctr. v. Leavitt*, 415 F.3d 24, 29 (D.C. Cir. 2005) (quoting *Watkins v. Washington*, 511 F.2d 404, 406 (D.C. Cir. 1975)).

## II. Motion for Clarification

Motions for clarification are not governed by any formal rule. *United States v. All Assets Held at Bank Julius, Baer & Co., Ltd.*, 315 F. Supp. 3d 90, 99 (D.D.C. 2018). However, although appropriate when a party is "uncertain about the scope of a ruling," *id.* (citing *United States v. Volvo Powertrain Corp.*, 758 F.3d 330, 344 (D.C. Cir. 2014)), motions for clarification are meant "to explain or clarify something ambiguous or vague, not to alter or amend," *id.* (quoting *United States v. Philip Morris USA, Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011)). Such motions "cannot open the door to relitigating a matter that the court has considered and decided." *Id.* (internal quotations marks omitted) (alterations adopted) (quoting *SAI v. Transp. Sec. Admin.*, Civil Action No. 14-403, 2015 WL 13889866, at *3 (D.D.C. Aug. 19, 2015)).

## ARGUMENT

## I. Plaintiffs' Motion To Enforce Is Without Merit Because the District Submitted Individualized Plans as Required by the Court's Order.

Plaintiffs' motion to enforce should be denied because the District fully complied with the portion of the Court's order that was not subject to the April 14, 2022 extension. The District filed a Notice of Compliance on March 15, 2022, with a declaration from Regina Grimmett, the Senior Deputy Chief for the Division of Specialized Instruction at DCPS. *See* Notice of Compliance [109]; Grimmett Decl. [109-1]. In her declaration, Ms. Grimmett explained that each student who was enrolled in IYP during the month of September 2021 will receive a letter—the template for

which was attached to her declaration—laying out a specific award of compensatory services redeemable through at least one eligible provider, all based on a process DCPS routinely uses. *See* Grimmett Decl. ¶¶ 5-8. The District then filed under seal a list of each individual student's award of hours. *See* March 15, 2022 Sealed Filing [110, 110-1, 110-2].

In light of this, plaintiffs cannot succeed in their primary task of establishing that the District "has not complied with a judgment entered against it." *Yanofsky*, 2019 WL 5110502, at *2. Indeed, the Court's order simply stated that the District must provide "individualized plans on how to rectify the hours deficit of each student enrolled in the Inspiring Youth Program" for the applicable period. February 16, 2022 Order at 4. The District set forth that plan: DCPS has determined the number of compensatory services hours to which each student is entitled for September 2021 and will send each student a letter explaining how to redeem them. That is the full extent of relief plaintiffs are entitled to under the Court's order. *See Thompson*, 328 F. Supp. 2d at 11 ("If the plaintiff has received all relief required by that prior judgment, the motion to enforce is denied.").

Plaintiffs' arguments to the contrary all fall flat. First, plaintiffs contend that the plans the District put forward "do not even come close to providing" what was required under "the common meaning or understanding" of the word "plan." Pls.' Mem. at 7. Plaintiffs' incredulity notwithstanding, the very "common understanding" they posit, consisting of selected dictionary definitions of "plan," describes precisely what the District put forward: "a method for achieving an end," "a detailed formulation of a program of action," or "a scheme or method of acting, doing, proceeding, making, etc., developed in advance." *See* Pls.' Mem. at 7. Unless words have no meaning, those descriptions capture exactly what the District provided.

Second, and related, plaintiffs now seek relief that they were never entitled to under the

Court's February 16, 2022 order. Plaintiffs demand that the District provide entirely new plans to rectify any hours deficits identified for September 2021 "that include at least" nine separate components not stated in the Court's order, including "the name and contact information for counsel for the Plaintiff class." *See* Pls.' Mem. at 15; *see also* Proposed Order on Mot. to Enforce at 2.[2] Under no definition of "plans" could that have been contemplated by the Court's order. Indeed, the granular details that they now seek—despite never moving for reconsideration or modification—lay bare plaintiffs' efforts to erect a moving target, a fact reinforced by the generalized grievances plaintiffs now air with DCPS's compensatory service process writ large, which is not at issue in this litigation. *See* Pls.' Mem. at 13 (citing Decl. of Iftayo Belle [111-2] ¶¶ 4-5).[3]

Plaintiffs are simply not eligible for new plans at the level of detail they want in a motion to enforce. *See Leavitt*, 415 F.3d at 29. Far from "blatantly disregard[ing]" an "unambiguous mandate," *see Ross*, 387 F. Supp. 3d at 93, the District has complied with the Court's order. That is grounds enough to deny plaintiffs' motion. *See id.* at 94 ("Plaintiffs specifically seek to enforce the Court's remedial order, as amended. … And thus to show that they are entitled to that relief, Plaintiffs must show that Defendants have not complied *with that order*—not with whatever

---

[2] Plaintiffs, moreover, improperly seek to relitigate proposed relief that the Court has already declined to grant. In their October 18, 2021 motion, plaintiffs asked the Court to order that the District provide plans identifying, among other things, "[t]he special education and related service provider(s) to be used in delivering" compensatory services; and "[t]he schedule for the delivery of the additional hours, including the start date." *See* Proposed Order on Contempt Mot. at 3-4. The Court specifically considered these items of proposed relief and declined them, determining instead that the order ultimately issued was the "most appropriate" relief. *See* February 16, 2022 Order at 3. Plaintiffs cannot now relitigate that via a motion to enforce.

[3] Plaintiffs' efforts to discredit that process wholesale also cut against their insistence elsewhere that the District should rectify missed hours from the COVID-19 pandemic with compensatory services. *See, e.g.*, Prelim. Inj. Proposed Order [12-2] at 1-2; Second Amended Complaint [44-3] at 60.

remedies the Court could have adopted but elected not to order." (emphasis in the original)).

II. **Plaintiffs' Alternative Motion to "Clarify" Should Be Denied Because It Is Actually a Motion To Alter or Amend the Court's February 16, 2022 Order.**

In the alternative, plaintiffs ask the Court to "clarify whether the plans that it directed be provided pursuant to the Contempt Order should address the fundamental components of a plan as addressed above, and, if so, order the submission of compliant plans by a specified date." Pls.' Mem. at 15. Although the District believes no clarification is necessary, the District has no objection to the Court clarifying the meaning of its February 16, 2022 order if the Court wishes to do so. But on such a motion, plaintiffs would be entitled to no relief beyond that clarification— especially relief that was not previously ordered. *See Julius, Baer & Co.*, 315 F. Supp. at 99 (motions for clarification are meant "to explain or clarify something ambiguous or vague, not to alter or amend"). Plaintiffs, however, ask for a detailed order requiring, among other things, the same specific orders they previously asked for in their October 18, 2021 motion. *Compare* October 18, 2021 Proposed Order at 3-4 (seeking identification of compensatory services provider, manner of service delivery, and schedule), *with* March 23, 2022 Proposed Order on Alternative Motion for Clarification [111-5] at 2 (seeking "[t]he details of how and where specific compensatory services will be delivered …, including specifics regarding any special education and/or related services providers …"; and "[t]he qualifications, certifications, and arrangements with each special education and/or related services provider to be used to deliver the compensatory services"). The Court previously considered these items of requested relief but denied them, opting instead to issue what it deemed to be "the most appropriate relief." *See* February 16, 2022 Order at 4. Plaintiffs cannot now relitigate their original contempt motion under the guise of a motion for clarification. *See Julius, Baer & Co.*, 315 F. Supp. at 99 (clarification motions "cannot open the door to relitigating a matter that the court has considered and decided").

## CONCLUSION

For the foregoing reasons, the Court should deny plaintiffs' motion.

Dated:  April 6, 2022. Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Fernando Amarillas*
FERNANDO AMARILLAS [974858]
Assistant Deputy Attorney General

*/s/ Micah Bluming*
MICAH BLUMING [1618961]
RICHARD P. SOBIECKI [500163]
AMANDA C. PESCOVITZ [1735780][*]
HONEY MORTON [1019878]
Assistant Attorneys General
Equity Section
400 Sixth Street, N.W., Suite 10100
Washington, D.C. 20001
Phone: (202) 724-7272
Fax: (202) 730-1833
micah.bluming@dc.gov

*Counsel for Defendants*

---

[*] Admitted to the Bar under D.C. App. R. 46-A (Emergency Examination Waiver). Practicing under the direct supervision of Fernando Amarillas, a member of the D.C. Bar, pursuant to D.C. App. R. 46-A(d)(2).