UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHARLES H.**, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**DISTRICT OF COLUMBIA**, *et al.*,<br><br>Defendants. | **Civil Action No. 21-997 (CJN)** |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE THE CONTEMPT ORDER CONCERNING THE MAYA ANGELOU PUBLIC CHARTER SCHOOL-ACADEMY INDIVIDUALIZED PLANS FOR FORMER STUDENTS**

**INTRODUCTION**

Pursuant to this Court's order of February 16, 2022 (February 16 Order) [101], defendants the District of Columbia (the District), District of Columbia Public Schools (DCPS), and the Office of the State Superintendent of Education (OSSE) (collectively, the District) have submitted individualized plans for students who were enrolled in the Inspiring Youth Program (IYP) at the D.C. Jail, now known as the Maya Angelou PCS Academy (the Academy), to make up for services missed between September 1, 2021, and January 31, 2022. Those plans consist of compensatory services and accelerated learning in combination based on which provider served as the local education agency (LEA) during the relevant period and whether any given student remains enrolled in the Academy currently. Despite these submissions, however, plaintiffs have now filed two separate motions to enforce the Court's February 16 Order, contending that the District has not complied with it. The District previously argued that their first motion was without basis. So, too, is their second one. Plaintiffs do not challenge the type and amount of services awarded to each student, but instead fixate on details about the arrangement of service delivery and the

contents of communications. None of this, however, bears on the only question relevant to an enforcement motion: whether the District has produced plans to rectify missed services as ordered. The District has, and has done so consistent with how it would address missed services in the normal course. Plaintiffs' demands are unnecessary, unwarranted, and are not supported by the Court's February 16 Order. Their motion should be denied.

## BACKGROUND

As previously recounted in the District's opposition to plaintiffs' March 23, 2022 Motion, *see* Defs.' Apr. 6, 2022 Opp'n to Pls.' March 23, 2022 Mot. to Enforce (Defs.' Apr. 6, 2022 Opp'n) [114] at 2–3,[1] on October 18, 2021, plaintiffs filed a motion for contempt related to this Court's preliminary injunction concerning the provision of specialized instruction and related services at the Academy. *See* Pls.' Mot. for Contempt [72]. Plaintiffs sought numerous items of relief, including an order that the District submit detailed plans for recovering missed instruction. *See* Proposed Order on Pls.' Mot. for Contempt [72-7] at 3–4. This Court, however, granted plaintiffs' motion only in part, explaining that despite the various items of relief plaintiffs were asking for, "the most appropriate relief" consisted of three things, only one of which plaintiffs now seek to enforce: "that by March 15, 2022, Defendants shall submit to this Court, under seal, individualized plans on how to rectify the hours deficit of each student enrolled in the Inspiring Youth Program for the period between September 1, 2021 and January 31, 2022." *See* February 16 Order at 4. Although the Court declined to adopt the more detailed order plaintiffs had proposed, plaintiffs did not seek reconsideration or clarification of the Court's order.

---

[1] References to the District's April 6, 2022 opposition cite the ECF page numbers, as in-text page numbers were inadvertently omitted from the document.

The District subsequently moved for a partial extension of time to comply, seeking until April 14, 2022 to submit plans covering the period from October 1, 2021, to January 31, 2022, in order to give Maya Angelou Public Charter School (Maya Angelou PCS) sufficient time to formulate their plans while simultaneously providing instruction and related services to students currently enrolled in the Academy. *See* Defs.' Mot. for Extension of Time To Comply with Part of Feb. 16, 2022 Order [104]. The Court granted that motion over plaintiffs' opposition. *See* March 9, 2022 Minute Order.

On March 15, 2022, the District submitted, as ordered, "individualized plans on how to rectify the hours deficit of each student enrolled in the Inspiring Youth Program" for the month of September 2021 (the March 15 Plans), during which time DCPS had been the LEA providing IYP students with instruction and related services. *See* March 15, 2022 Notice of Compliance [109]. On March 23, 2022, plaintiffs filed a motion seeking enforcement of the Court's order, contending that the March 15 Plans did not comport with that order. *See* Pls.' March 23, 2022 Mot. to Enforce or, in the Alternative, for Clarification (Pls.' Mar. 23, 2022 Mot.) [111]. In the alternative, plaintiffs sought what they characterized as "clarification" of the Court's February 16 Order. *Id.* The District opposed.[2] *See* Defs.' Apr. 6, 2022 Opp'n.

On April 14, 2022, the District submitted the remaining student plans to rectify missed services for Academy students between October 1, 2021, and January 31, 2022. *See* Apr. 14, 2022 Notice of Compliance [116]. The plans consisted of two components:  (1) individualized accelerated learning plans for 28 students enrolled in the Academy as of the date of filing, and (2)

---

[2]   As stated in the District's opposition memorandum, the District opposed plaintiffs' motion to enforce as unwarranted and opposed plaintiffs' request for clarification as a backdoor motion to modify the Court's judgment. *See* Defs.' Apr. 6, 2022 Opp'n at 1–2. The District stated, however, that it did not oppose the Court clarifying the meaning of its order if it believed clarification to be appropriate. *Id.* at 7.

compensatory services plans for 12 students no longer enrolled in the Academy as of the date of filing (collectively, the April 14 Plans). *See* Apr. 14, 2022 Decl. of Victoria Glick [116-2] ¶ 5; Apr. 14, 2022 Sealed Student Plans [117-1]; Apr. 14, 2022 Sealed Student Letters [117-2].[3] On April 20, 2022, plaintiffs filed a motion seeking enforcement of the Court's order, renewing their arguments as to the March 15 Plans, and adding new grievances with the April 14 Plans. *See* Pls.' Apr. 20, 2022 Mot. to Enforce [119]. Plaintiffs' new grievances pertain only to the April 14, 2022 compensatory services plans for 12 students who were enrolled in the Academy for some period of time from October 1, 2021, to January 31, 2022, but are no longer enrolled. *See generally* Pls.' Mem. in Support of Apr. 20, 2022 Mot. to Enforce (Pls.' Apr. 20, 2022 Mem.) [119-1]. Plaintiffs did not raise any arguments as to the sufficiency of the remaining plans submitted that day.

## LEGAL STANDARD

The authority of district courts to enforce the terms of their mandates "is grounded in 'the interest of the judicial branch in seeing that an unambiguous mandate is not blatantly disregarded by parties to a court proceeding.'" *Anglers Conservation Network v. Ross*, 387 F. Supp. 3d 87, 93 (D.D.C. 2019) (quoting *Int'l Ladies' Garment Workers' Union v. Donovan*, 733 F.2d 920, 922 (D.C. Cir. 1984)). The party moving to enforce has the burden of showing that the defendant "has not complied with a judgment entered against it." *Yanofsky v. Dep't of Commerce*, Civil Action No. 16-951, 2019 WL 5110502, at *2 (D.D.C. Apr. 25, 2019) (Brown Jackson, J.) (quoting *Sierra Club v. McCarthy*, 61 F. Supp. 3d 35, 39 (D.D.C. 2014)). "If the plaintiff has received all relief required by that prior judgment, the motion to enforce is denied." *Heartland Hosp. v. Thompson*, 328 F. Supp. 2d 8, 11 (D.D.C. 2004). However, even if the defendant is found not to have complied

---

[3] Upon review, three additional students previously enrolled in the Academy during the applicable time period were determined not to have missed any services and thus did not require any plan for make-up services. *See* Sealed Apr. 14, 2022 Decl. of Victoria Glick [117-3] ¶ 5 n.1.

with an order, "[s]uccess on a motion to enforce a judgment gets a plaintiff only 'the relief to which [the plaintiff] is entitled under [its] original action and the judgment entered therein.'" *Heartland Regional Med. Ctr. v. Leavitt*, 415 F.3d 24, 29 (D.C. Cir. 2005) (quoting *Watkins v. Washington*, 511 F.2d 404, 406 (D.C. Cir. 1975)).

## ARGUMENT

### I. Plaintiffs' Motion To Enforce Is Without Merit Because the District Submitted Individualized Plans as Required by the Court's Order.

Plaintiffs' second motion to enforce should be denied for the same reason as their first: The District fully complied with the Court's February 16 Order. As previously explained, that order required the District to prepare "individualized plans on how to rectify the hours deficit of each student enrolled in the Inspiring Youth Program" for the applicable period. February 16 Order at 4. The District has done that. *See* Mar. 15, 2022 Notice of Compliance [109]; Mar. 15, 2022 Sealed Filings [110, 110-1, 110-2]; Apr. 14, 2022 Notice of Compliance [116]; Apr. 14 2022 Sealed Filings [117, 117-1, 117-2]. Plaintiffs thus cannot show that the District "has not complied with a judgment entered against it." *Yanofsky*, 2019 WL 5110502, at *2.

Instead of engaging with the applicable legal standards, plaintiffs express disapproval with specific aspects of the District's individualized plans, including that the plans do not involve the scheduling of service delivery on students' behalf, do not include certain details about the nature of the awards, contain a deadline to redeem awarded services, and do not provide students with contact information for plaintiffs' counsel. Pls.' Apr. 20, 2022 Mem. at 4–10. Plaintiffs, however, cite no legal authority to support seeking such detailed relief given the Court's order requiring the District to submit "individualized plans on how to rectify the hours deficit of each student." *See* February 16 Order at 4. The only legal authority they cite, Federal Rule of Civil Procedure 23(c)(2)(A), has no application here. *See* Pls.' Apr. 20, 2022 Mem. at 9. That rule provides that

5

"[f]or any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class." Fed. R. Civ. P. 23(c)(2)(A). The rule has nothing to do with the question at issue here: whether the Court's February 16 Order required the District to include the specific details plaintiffs now ask for.

The answer to that question is a simple "no." Plaintiffs are merely making new demands and relitigating old ones previously denied, *see* Defs.' Apr. 6, 2022 Opp'n at 4–7, neither of which they can do on a motion to enforce. *See Leavitt*, 415 F.3d at 29 (motion to enforce limited to "the relief to which [the plaintiff] is entitled under [its] original action and the judgment entered therein"); *Ross*, 387 F. Supp. 3d at 93 (plaintiff on motion to enforce "must show that Defendants have not complied *with that order*—not with whatever remedies the Court could have adopted but elected not to order" (emphasis in the original)). Whatever requirements plaintiffs would have preferred, they cannot seek enforcement of an order that was never issued, and as noted above they cannot meet their burden to show that the District "has not complied with a judgment entered against it." *Yanofsky*, 2019 WL 5110502, at *2. Granting plaintiffs' proposed relief would only delay the delivery of services by forcing the District to comply with additional—and unnecessary—requirements.

## II. Plaintiffs' Arguments as to the March 15 Plans Remain Meritless.

Additionally, plaintiffs repeat the argument made in their March 23, 2022 Motion that the District's March 15 Plans pertaining to September 2021 failed to comply with the Court's February 16 Order. *See* Pls.' Apr. 20, 2022 Mem. at 4-5. For the reasons explained in the District's opposition to plaintiffs' March 23, 2022 Motion, those arguments had no merit when first made. *See* Defs.' Apr. 6, 2022 Opp'n. They continue to have no merit now.

## CONCLUSION

For the foregoing reasons, the Court should deny plaintiffs' motion.

Dated: April 29, 2022.  Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Fernando Amarillas*
FERNANDO AMARILLAS [974858]
Assistant Deputy Attorney General

*/s/ Micah Bluming*
MICAH BLUMING [1618961]
RICHARD P. SOBIECKI [500163]
AMANDA C. PESCOVITZ [1735780][*]
HONEY MORTON [1019878]
Assistant Attorneys General
Equity Section
400 Sixth Street, N.W., Suite 10100
Washington, D.C. 20001
Phone: (202) 724-7272
Fax: (202) 730-1833
micah.bluming@dc.gov

*Counsel for Defendants*

---

[*] Admitted to the Bar under D.C. App. R. 46-A (Emergency Examination Waiver). Practicing under the direct supervision of Fernando Amarillas, a member of the D.C. Bar, pursuant to D.C. App. R. 46-A(d)(2).