UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES H., ISRAEL F., AND MALIK Z. on behalf of themselves and all others similarly situated,<br><br>   *Plaintiffs*,<br><br>  v.<br><br>THE DISTRICT OF COLUMBIA, *et al.*,<br><br>   *Defendants*. | Civil Action No. 1:21-cv-00997 (CJN) |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR COURT APPROVAL OF NOTICE TO THE MEMBERS OF THE CLASS WHO ARE ELIGIBLE FOR CONTEMPT RELIEF AND A PLAN FOR PROVIDING SUCH NOTICE
AND
REQUEST FOR EXPEDITED CONSIDERATION**

Kaitlin Banner, DC Bar No. 1000436
Margaret Hart, DC Bar No. 1030528
Jonathan Smith, DC Bar No. 396578
WASHINGTON LAWYERS'
COMMITTEE FOR CIVIL RIGHTS
700 14th Street, NW, Suite 400
Washington, DC 20005
(202) 319-1017
kaitlin_banner@washlaw.org;
margaret_hart@washlaw.org;
jonathan_smith@washlaw.org

Ifetayo Belle, DC Bar 1601686
Sarah Comeau, DC Bar 1012980
SCHOOL JUSTICE PROJECT
1805 7th Street NW, 7th Floor
Washington, DC 20001
(202) 630-9969
tbelle@sjpdc.org; scomeau@sjpdc.org

Kathleen L. Millian, DC Bar No. 412350
Carolyn Smith Pravlik, DC Bar No. 334102
Zenia Sanchez Fuentes, DC Bar No. 500036
Stephanie A. Madison, DC Bar No. 1025581
TERRIS, PRAVLIK & MILLIAN, LLP
1816 12th Street, NW, Suite 303
Washington, DC  20009-4422
(202) 682-2100, ext. 8478
kmillian@tpmlaw.com;
cpravlik@tpmlaw.com;
zsanchez@tpmlaw.com;
smadison@tpmlaw.com

*Counsel for Plaintiffs*

May 20, 2022

## TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF EXHIBITS ............................................................................................................. ii

INTRODUCTION ...................................................................................................................... 1

LEGAL STANDARD ................................................................................................................. 2

ARGUMENT .............................................................................................................................. 3

    I THE COURT SHOULD ORDER THAT NOTICE BE PROVIDED TO THE MEMBERS OF THE PLAINTIFF CLASS WHO ARE ELIGIBLE FOR CONTEMPT RELIEF ............................................................................................... 3

        A.    NOTICE WOULD BENEFIT THE CLASS BY INFORMING THEM OF THE AVAILABILITY OF CONTEMPT RELIEF .................. 3

        B.    PLAINTIFFS' PROPOSED NOTICE IS APPROPRIATE ....................... 4

        C.    PLAINTIFFS' PROPOSED SCHEDULE FOR THE PROVISION OF NOTICE IS REASONABLE AND APPROPRIATE .......................... 5

    II THE COURT SHOULD ORDER THE DISTRICT TO PROVIDE PLAINTIFFS' COUNSEL CONTACT INFORMATION FOR THE CLASS ............................................................................................................... 6

    III CONCLUSION ............................................................................................................. 7

## TABLE OF EXHIBITS

| Exhibit No. | Description |
|---|---|
| 1 | Proposed Notice to the Class |
| 2 | March 17, 2022 Email from Zenia Sanchez Fuentes to Micah Bluming |
| 3 | April 19, 2022 Email from Zenia Sanchez Fuentes to Micah Bluming |

**INTRODUCTION**

The Court provisionally certified this action as a class action under Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure on June 16, 2021. *See* ECF No. 38, pp. 24-27. The Court also issued a Preliminary Injunction finding that Plaintiffs were likely to succeed in showing that Defendants the District of Columbia, the Office of the State Superintendent of Education (OSSE), and the District of Columbia Public Schools (DCPS) (collectively, "the District") had deprived the class members of their federally guaranteed right to special education and related services at the DC Jail complex high school. *See id.* 38, pp. 13-18. On February 16, 2022, the Court found the District in contempt of its Preliminary Injunction and ordered the District to remedy its failure to comply by, *inter alia*, submitting individualized plans "on how to rectify the hours deficit of each student" in the provisionally certified class for the period from September 1, 2021, to January 31, 2022. *See* Order ("Contempt Order"), ECF No. 101, pp. 3-4.

During the past month, over the objections of Plaintiffs' counsel, the District has communicated with members of the provisionally certified class about compensatory services that the District determined should be provided to the members as part of the District's attempt to comply with the Contempt Order. *See* pp. 3-4 below. However, the District's communications with the class did not provide critical information, including the name of the case, that the compensatory services are being provided as a part of the lawsuit, and the availability of assistance of counsel. The provisional class members must be provided this critical information to ensure that they have the necessary information to understand the availability of, and to effectuate, the contempt relief ordered by this Court. Accordingly, Plaintiffs now request that the Court issue an

order approving Plaintiffs' provision of notice to the class who are eligible for contempt relief and their plan for providing such notice.[1]

Time is of the essence for class members since they already have or shortly will be receiving letters from the District concerning the contempt relief ordered by the Court. Therefore, Plaintiffs respectfully request that the Court consider this motion on an expedited schedule and direct the District to file its opposition no later than May 27, 2022, and that Plaintiffs file their reply brief by June 2, 2022.

## LEGAL STANDARD

According to Rule 23(c)(2)(A), this Court "may direct appropriate notice" to members of a class certified pursuant to Rule 23(b)(2). Rule 23(c)(2)(A) does not prescribe the contents of appropriate notice. *Compare with* Rule 23(c)(2)(B) (providing that the court must direct "the best notice that is practicable under the circumstances" to members of a Rule 23(b)(3) class and enumerating seven items that must be included in such notice). Therefore, this Court has flexibility in determining the appropriateness of Plaintiffs' proposed notice.

The Supreme Court has recognized that "[i]n some instances, . . . the defendant may be able to perform a necessary task with less difficulty or expense than could the representative plaintiff." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 356 (1978). Therefore, in certain circumstances, where a defendant may be able to identify class members with less difficulty or expense than could the representative plaintiff, the Court may exercise its discretion under Rule 23(d) to require the defendant's cooperation in doing so. *Id.* at 355-56; *see* Fed. R. Civ. P. 23(d)(1)(B) (allowing the court to issue orders "to protect class members and fairly conduct the

---

[1] A more extensive notice to the entire Plaintiff class will be proposed if the Court determines that it will certify a Rule 23(b)(3) class as Plaintiffs have requested. *See* Fed. R. Civ. P. 23(c)(2)(B).

2

action" by "giving appropriate notice to some or all class members of . . . any step in the action."); *see also Barahona-Gomez v. Reno*, 167 F.3d 1228, 1236 (9th Cir. 1999) (upholding the district court's order that the government provide notice of the pending action, its issuance of a preliminary injunction, and that equitable relief may be available), *supplemented*, 236 F.3d 1115 (9th Cir. 2001).

## ARGUMENT

### I

### THE COURT SHOULD ORDER THAT NOTICE BE PROVIDED TO THE MEMBERS OF THE PLAINTIFF CLASS WHO ARE ELIGIBLE FOR CONTEMPT RELIEF

**A.    NOTICE WOULD BENEFIT THE CLASS BY INFORMING THEM OF THE AVAILABILITY OF CONTEMPT RELIEF**

On May 5, 2022, the District filed with the Court copies of the letters that it sent to members of the provisionally certified class who were enrolled in the high school at the DC Jail complex in September 2021, when DCPS was the Local Education Agency (LEA) ("the DCPS letters") over Plaintiffs' objection as addressed below. ECF No. 124. Those letters stated a specific number of hours of tutoring and related services that the District authorized the student to acquire from special education providers. *See* ECF Nos. 124-1, 124-2, 124-3. The District has also represented that a second set of letters, developed by Maya Angelou Public Charter School-Academy (MAPCS-A), will be sent to members of the provisionally certified class who were enrolled in the high school at the DC Jail complex from October 1, 2021 through January 31, 2022 ("the MAPCS-A letters"). ECF Nos. 116, 117. Evidently, these letters will also state a specific number of hours of tutoring and related services that each student is authorized to acquire from special education providers. *See* ECF No. 117-2.

Plaintiffs objected to these letters for multiple reasons. *See* Plaintiffs' Memorandum in Support of Their Motion to Enforce the Contempt Order Concerning the DCPS Individualized

3

Plans, ECF No. 111-1; Reply Brief in Support, ECF No. 115; Plaintiffs' Memorandum in Support of Their Motion to Enforce the Contempt Order Concerning the MAPCS-A Individualized Plans for Former Students, ECF No. 119-1; Reply Brief in Support, ECF No. 126.  Plaintiffs explained that the letters inappropriately shift the burden to the students to arrange for their compensatory services to remedy the District's contempt and set an arbitrary deadline in 2023 for students to obtain their relief.  ECF No. 111-1, pp. 12-13; ECF No. 119-1, pp. 9-11.  Plaintiffs also objected because the letters lacked critical information, including identification of this class action, the reason for the award, a reference to the MAPCS-A letters about further contempt relief for students who are to receive both the DCPS and MAPCS-A letters, and contact information for Plaintiffs' counsel.  Plaintiffs showed that the letters would likely confuse the students and undermine the provision of the remedial services to them.  ECF No. 111-1, pp. 14-15; ECF No. 119-1, pp. 12-13.

Therefore, Plaintiffs now propose that they provide notice to the class members who are eligible for contempt relief to ensure that they understand the lawsuit, the relief ordered by this Court in the Contempt Order, the DCPS and MAPCS-A letters, and the availability of class counsel to provide assistance, and to provide the class members with contact information for the undersigned.

B.      **PLAINTIFFS' PROPOSED NOTICE IS APPROPRIATE**

Plaintiffs have provided a proposed notice with their motion.  *See* Plaintiffs' Exhibit 1, attached.  The proposed notice comports with Rule 23 of the Federal Rules of Civil Procedure and is appropriate under the circumstances.  *See* Rule 23(c)(2)(A) (permitting the Court to direct "appropriate notice").  The proposed notice informs the provisional class members of (i) the nature of the litigation including Plaintiffs' allegations and the relief sought; (ii) the current status of the litigation; (iii) the actions that the District has represented that it intends to take to comply with the Court's Contempt Order; (iv) that Plaintiffs' counsel represents the provisional class members

4

and can provide them assistance; and (v) that the provisional class members can contact Plaintiffs' counsel for more information about the class action. The contents of the notice are designed to inform the provisional class members of the lawsuit and ensure that they have the information needed to contact Plaintiffs' counsel to understand their rights and the District's letters.

C. **PLAINTIFFS' PROPOSED SCHEDULE FOR THE PROVISION OF NOTICE IS REASONABLE AND APPROPRIATE**

Plaintiffs propose the following notice schedule. No later than five business days after the Court's approval of the proposed notice plan, the District will provide the names and addresses of the provisional class members to Plaintiffs' counsel.[2] No later than five business days after the receipt of the names and addresses from the District, Plaintiffs will send the proposed notice to each class member via first class mail. It is well-established that notice sent by first class mail is sufficient when the names and addresses of the class members are known. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-77 (1974) (finding that individual notice mailed to each class member was clearly the "best notice practicable" within the meaning of the more stringent notice requirement of Rule 23(c)(2)). Plaintiffs' proposed notice schedule is appropriate and will ensure that students are provided this notice as promptly as possible.

If a class member is in the custody of the Bureau of Prisons (BOP) or in another correctional facility, the District will provide both the student's home address and their address at the BOP or other correctional facility.

Plaintiffs intend to bear the cost of this notice to the Plaintiff class. However, if Plaintiffs ultimately prevail in the litigation, Plaintiffs expect to seek reimbursement of the cost of the notice as a litigation expense under applicable law.

---

[2] As noted below, Plaintiffs seek the addresses the District used or will use in sending its letters to the class members.

## II

## THE COURT SHOULD ORDER THE DISTRICT TO PROVIDE PLAINTIFFS' COUNSEL CONTACT INFORMATION FOR THE CLASS

The District has identified each member of the provisional class who was at the DC Jail complex from September 1, 2021, through January 31, 2022, and is in possession of each member's contact information, including the mailing addresses for students that have since left the DC Jail complex. *See* ECF No. 124, p. 1 n.1 (explaining that "[i]n the interest of expediency, letters to students not currently in DOC custody were mailed to students' last known mailing addresses. The District is working to obtain current addresses for a small number of students who may be in the custody of the Federal Bureau of Prisons. If and when they can be obtained, the District will send additional copies of the letters to those addresses.").[3]

Plaintiffs have repeatedly reached out to the District in an effort to avoid the need to involve the Court concerning the content of communications between the Parties and provisional class members who are eligible for contempt relief. In a March 17, 2022 email to the District, Plaintiffs stated:

> We anticipate these letters from DCPS will confuse the students and would like to have a call with you tomorrow or Monday to address ways to avert such confusion and avoid involving the Court. In addition, would you please provide us with the projected date as to when the DCPS letters will be transmitted to students, whether the letters will provide some explanation to students about the connection of the awarded services to the litigation, and whether the letters will include contact information for class counsel?

---

[3] The District has by now had sufficient time to compile the current addresses of students that it transferred to the custody of the BOP. Furthermore, all DC Code Offenders who have been transferred to the BOP should be able to be located through the BOP's publicly available website "Find an inmate," *available at* https://www.bop.gov/inmateloc/. The BOP's website provides the facility location and address of each DC Code Offender.

*See* Email from Zenia Sanchez Fuentes to Micah Bluming, Plaintiffs' Exhibit 2.  On April 19, 2022, Plaintiffs reached out to the District again in an email and asked:

> that the District include the name of the court case and contact information for class counsel in the DCPS and MAPCS-A letters . . . [but] [i]n the event that the District intends to send both sets of letters without making Plaintiffs' requested changes, then we ask that the District provide us with copies of the letters being sent . . . so that Plaintiffs' counsel has the addresses for each student receiving letters and so that we can communicate with these students regarding the contempt relief.

*See* Email from Zenia Sanchez Fuentes to Micah Bluming, Plaintiffs' Exhibit 3.

The District has not responded to either of these emails and has not otherwise provided Plaintiffs with the addresses used or to be used so that Plaintiffs' counsel can communicate with the provisional class.  *See, e.g.,* ECF Nos. 124-2, 124-3 (the attachments contain 14 DCPS letters that were sent to class members "[v]ia mail," but these letters do not include mailing addresses).  Therefore, Plaintiffs now seek this Court's assistance in ensuring that Plaintiffs' counsel have the contact information of the provisional class members who have or will receive letters from the District concerning the relief under the Contempt Order.  Since the District has access to this information and Plaintiffs do not, the District should provide the necessary information which has already been collected and used by the District in order to send out the DCPS and MAPCS-A letters.

### III

### CONCLUSION

For the reasons above, Plaintiffs respectfully request that the Court enter an order approving the proposed class notice submitted with this motion and the proposed schedule set forth above.  In addition, Plaintiffs request that the Court enter an order expediting the briefing of this motion.  Two proposed orders are submitted with this filing.

Respectfully submitted,

*/s/ Stephanie A. Madison*

Kathleen L. Millian, DC Bar No. 412350
Carolyn Smith Pravlik, DC Bar No. 334102
Zenia Sanchez Fuentes, DC Bar No. 500036
Stephanie A. Madison, DC Bar No. 1025581
TERRIS, PRAVLIK & MILLIAN, LLP
1816 12th Street, N.W., Suite 303
Washington, DC 20009-4422
(202) 682-2100, ext. 8478
kmillian@tpmlaw.com;
cpravlik@tpmlaw.com;
zsanchez@tpmlaw.com;
smadison@tpmlaw.com

Ifetayo Belle, DC Bar No. 1601686
Sarah Comeau, DC Bar No. 1012980
SCHOOL JUSTICE PROJECT
1805 7th Street, N.W, 7th Floor
Washington, DC 20001-3186
(202) 630-9969
tbelle@sjpdc.org;
scomeau@sjpdc.org

Kaitlin R. Banner, D.C. Bar No. 1000436
Margaret F. Hart, D.C. Bar No. 1030528
Jonathan Smith, D.C. Bar No. 396578
WASHINGTON LAWYERS' COMMITTEE FOR
CIVIL RIGHTS AND URBAN AFFAIRS
700 14th Street, N.W., Suite 400
Washington, DC 20005
Phone: (202) 319-1000
Fax: (203) 319-1010
kaitlin_banner@washlaw.org;
margaret_hart@washlaw.org;
jonathan_smith@washlaw.org

May 20, 2022                                    *Counsel for Plaintiffs*